1  Samuel J. Strauss, WSBA #46971
   sam@turkestrauss.com
2  TURKE & STRAUSS LLP
   936 North 34th Street, Suite 300
3  Seattle, Washington 98103-8869
   Telephone: (608) 237-1775
4  Facsimile: (608) 509-4423

5  **UNITED STATES DISTRICT COURT**
   **FOR THE EASTERN DISTRICT OF WASHINGTON**
6

| | |
|---|---|
| 7   PATRICK LOYOLA, *on behalf of himself and all others similarly situated,* | Case No. 2:23-cv-00179-SAB |
| 8 | |
| 9            Plaintiff, | **PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES** |
| 10  v. | |
| 11  WHITWORTH UNIVERSITY, | September 12, 2023 Without Oral Argument |
| 12           Defendant. | |
| 13 | |
| 14  RACHEL WILSON, *on behalf of herself and all others similarly situated*, | Case No. 2:23-cv-00203-SAB |
| 15 | |
| 16           Plaintiff, | |
| 17  v. | |
| 18  WHITWORTH UNIVERSITY, | |
| 19           Defendant. | |

20

PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE RELATED CASES
(Case No. 2:23-cv-00179-SAB)

1  Pursuant to Federal Rule of Civil Procedure 42(a)(2), Plaintiffs Patrick Loyola
2  and Rachel Wilson ("Plaintiffs"), individually and on behalf of all others similarly
3  situated, respectfully move for an Order consolidating the above-captioned matters:
4  *Loyola v. Whitworth University,* No. 23-cv-00179 (*"Loyola Action"*) and *Wilson v.*
5  *Whitworth University*, No. 23-cv-00203 ("*Wilson Action*") (collectively, "Related
6  Actions") into the first-filed action: the *Loyola Action* and recaption it as *In re*
7  *Whitworth University Data Breach*. Plaintiffs' Counsel in the Related Actions have
8  met and conferred and are in agreement with this Motion. Likewise, Defendant's
9  Counsel for Whitworth University does not oppose consolidation.
10  These actions arise out of the same operative facts—a targeted cyber-attack
11  that allowed a third party to gain unauthorized access to the computer systems
12  housing sensitive consumer data maintained by Defendant Whitworth University
13  ("Defendant" or "Whitworth University") that reportedly exposed confidential and
14  sensitive personally identifying information ("PII") of over 65,000 individuals and
15  was first discovered in or around April 2023 (the "Data Breach"). The Related
16  Actions assert similar causes of action, define overlapping classes, and seek similar
17  remedies as against a common defendant. To maximize efficiency and judicial
18  economy, the Court should grant Plaintiffs' Motion, and consolidate the Related
19
20

1  Actions into the *Loyola Action*.[1]

2  **I.   BACKGROUND**

3  Located in Spokane, Washington, Defendant Whitworth University is
4  registered in Washington as a nonprofit corporation with its principal address at 300
5  W Hawthorne Rd, Spokane, WA 99251.

6  The Related Actions each arise out of a targeted cyber-attack that allowed a
7  third party to gain unauthorized access to the computer systems housing sensitive
8  consumer data maintained by Defendant. In the course of its business, Defendant
9  stores and maintains consumers' sensitive and private information, including Social
10 Security numbers (the "Private Information"). The Related Actions each allege that,
11 as a result of Defendant's failure to adhere to adequate data security practices, the
12 Private Information of Plaintiffs and over 65,000 other consumers across the country
13 was accessed by a malicious actor via a cyberattack (the "Data Breach").

14 Plaintiffs learned they were victims of the Data Breach, and each decided to
15 file their respective class actions following their receipt of Notice of Data Security
16 Incident letters from Defendant. Plaintiff Loyola filed his action in this District on
17 June 22, 2023. *See Loyola v. Whitworth University,* Case No. 2:23-cv-00179-SAB,

---

[1] Concurrent with this Motion, Plaintiffs in the Related Actions are filing Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel seeking to appoint Kevin Laukaitis and Bryan L. Bleichner s interim class counsel pursuant to Fed. R. Civ. P. 23(g).

PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE RELATED CASES
(Case No. 2:23-cv-00179-SAB) – 2

ECF No. 1. Plaintiff Wilson filed her action in this District on July 18, 2023. *See Wilson v. Whitworth University*, Case No. 2:23-cv-00203-SAB, ECF No. 1. Through their respective class actions, Plaintiffs allege a combination of the following causes of action against Defendant: (1) Negligence; (2) Declaratory Judgment and Injunctive Relief; (3) violation of the Washington State Consumer Protection Act; (5) Breach of Implied Contract; (6) Breach of Implied Covenant of Good Faith and Fair Dealing; and (7) Unjust Enrichment.

## II.    LEGAL ARGUMENT

### A.    Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

As the rule states, a motion to consolidate must meet the threshold requirement of involving "a common question of law or fact." If that threshold requirement is met, then whether to grant the motion becomes an issue of judicial discretion. *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989). Courts have specifically addressed what factors should be considered in determining whether a motion to consolidate should be granted: "Factors relevant to the analysis include

1  judicial economy, whether consolidation would expedite resolution of the case, whether
2  separate cases may yield inconsistent results, and the potential prejudice to a party
3  opposing consolidation." *Pecznick v. Amazon.com Inc.*, No. 2:22-cv-00743, 2022 WL
4  4483123, at *3 (W.D. Wash. Sept. 27, 2022) (citing *Chorak v. Hartford Cas. Ins. Co.*,
5  No. 2:20-cv-00627, 2020 WL 8611291, at *1 (W.D. Wash. Nov. 10, 2020)).
6  Furthermore, "[i]f the court determines that common questions are present, it must then
7  balance the savings of time and effort that consolidation will produce against any
8  inconvenience, delay, confusion, or prejudice that may result." *Desert Mech. Inc. v.*
9  *Travelers Cas. & Sur. Co of America*, No. 2:15-cv-02298, 2022 WL 1078362, at *3 (D.
10 Nev. Mar. 14, 2022) (*citing Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

11       **B.    Consolidation is Appropriate.**

12       The Complaints in the Related Actions arise out of and relate to the same,
13 common factual allegations and legal theories. The Related Actions assert multiple
14 common causes of action against the common Defendant relating to the same facts
15 and seek the same or similar relief in response to the same event: the Data Breach.
16 The Actions seek certification of an overlapping nationwide class and allege that
17 Class Members suffered harm as a result of the Data Breach because their PII
18 (including Social Security numbers) was exposed to third parties without their
19 authorization. The Related actions present the quintessential consolidation scenario,
20

and the Court should consolidate to ensure judicial economy and preserve party resources.

Consolidation of the Related Actions (and any future similar actions alleging claims relating to the Data Breach) is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception. Consolidation will also reduce the confusion and delay that may result from prosecuting related putative class actions separately, including eliminating duplicative discovery and the possibility of inconsistent rulings on class certification, evidentiary motions, and other pretrial matters. It will also decrease the amount of time that would have been otherwise required for three separate cases, as many witnesses would have to necessarily be called in four separate cases. Furthermore, it will foster judicial economy and will not prejudice any party.

Courts consistently find that data breach class actions are particularly appropriate for consolidation. *See, e.g.*, *In re MCG Health Data Security Issue Litigation*, Case No. 2:22-cv-00849, Dkt. No.31 (W.D. Wa.) (finding consolidation appropriation in a data breach against a sole defendant); *Hightower v. Receivables Performance Management, LLC*, Case No. 2:22-cv-01683. Dkt. No. 12 (W.D. Wa) (same); *In re Accellion, Inc. Data Breach Litig.*, No. 21-cv-01155-EJD, 2022 WL

767279, at *3 (N.D. Cal. Mar. 14, 2022) (sane); *Kostka v. Dickey's Barbecue Rests., Inc.*, No. 3:20-cv-3424-K, ECF No. 37 (N.D. Tex. Mar. 19, 2021) (ordering consolidation of three cases stemming from the same data breach); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation . . . arise out of the same occurrence: a data breach . . . ."); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 734, 745 (W.D.N.Y. 2017) (noting court had previously "issued an order consolidating . . . pursuant to Federal Rule of Civil Procedure 42(a)(2), and transferred the case" to one judge in large data breach litigation); *McDonald v. PaperlessPay Corp.*, No. 3:20-cv-516-MMH-MCR, 2021 WL 931599, at *5 (M.D. Fla. Mar. 11, 2021) (finding that the data breach litigations presented a number of common factual and legal issues warranting consolidation); *Galaria v. Nationwide Mutual Ins. Co.*, Nos. 2:13-cv-118; 2:13-cv-257, 2017 WL 4987663, at *3 (S.D. Ohio Aug. 16, 2017) (data breach "consolidation is appropriate under the circumstances of these cases and in the interest of expedition and economy"). Accordingly, Plaintiffs respectfully request that the Court consolidate the Related Actions, and any subsequently filed or transferred actions relating to the Data Breach, under the docket number of the first filed case, *Loyola v. Whitworth University*, No. 2:23-cv-00179-SAB.

### III. CONCLUSION

Accordingly, Plaintiffs in the Related Actions move to consolidate *Loyola v. Whitworth University,* No. 23-cv-00179 and *Wilson v. Whitworth University*, No. 23-cv-00203 under the first-filed action in the United State District Court for the Eastern District of Washington, and caption the consolidated action as *In re: Whitworth University Data Breach*, Case No. 23-cv-00179.

Contemporaneous with the filing of the Motion to Consolidate, Counsel for Plaintiffs in the Related Actions to Appoint Interim Co-Lead Class Counsel seeking appointment as interim class counsel pursuant to Fed. R. Civ. P. 23(g). Plaintiffs will file a consolidated complaint within thirty (30) days from the Court's ruling on Plaintiffs' Motion to Appoint Interim Co-Lead Counsel.

Dated: August 9, 2023                Respectfully submitted,

*/s/ Samuel J. Strauss*
Samuel J. Strauss
**TURKE & STRAUSS LLP**
613 Williamson St., Ste. 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-2443

Kevin Laukaitis
**LAUKAITIS LAW**
954 Avenida Ponce De Leon
Ste. 205, #10518
San Juan, PR 00907
Telephone: (215) 789-4462

*Counsel for Patrick Loyola and Putative Class Counsel*

Jason T. Dennett, WSBA #30686
Kaleigh N. Boyd, WSBA #52684
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
Tel: (206) 682-5600/Fax: (206) 682-2992
*jdennett@tousley.com*
*kboyd@tousley.com*

Bryan L. Bleichner*
Philip Krzeski*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
*bbleichner@chestnutcambronne.com*
*pkrzeski@chestnutcambronne.com*

*Counsel for Rachel Wilson and the Putative Class*

*Pro Hac Vice Application forthcoming

PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE RELATED CASES
(Case No. 2:23-cv-00179-SAB) – 8

# CERTIFICATE OF SERVICE

I, Samuel J. Strauss, hereby certify that on August 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 9th day of August, 2023.

                TURKE & STRAUSS LLP

                By:  */s/ Samuel J. Strauss*
                      Samuel J. Strauss
                      sam@turkestrauss.com
                      TURKE & STRAUSS LLP
                      613 Williamson St., Suite 201
                      Madison, WI 53703
                      Telephone: (608) 237-1775
                      Facsimile: (608) 509-4423